UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA MURLA<br>Plaintiff | CIVIL ACTION |
| v. | NO: 2019-cv-10507 |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>Defendant | SECTION: |

## COMPLAINT

The Complaint of BRENDA MURLA respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. seq.

3. Plaintiff, BRENDA MURLA, of lawful age and a resident of St. Charles Parish, Louisiana, is a plan participant and beneficiary of an ERISA plan ("The Plan") created by her former employer, Caesars Entertainment Operating Company, Inc. (hereinafter "Employer"), and an insured participant of a group disability policy issued by The Prudential Insurance Company of America.

4. Defendant, The Prudential Insurance Company of America ("'Prudential"), is a foreign corporation authorized and doing business in Louisiana.

5. PRUDENTIAL issued a group policy insuring the employees of Employer. The Plan granted PRUDENTIAL, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators and fiduciaries discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. PRUDENTIAL is a fiduciary of The Plan under the applicable laws and regulations.

8. Plaintiff's treating physician(s) have set forth limitations on Plaintiff that render her disabled under the terms of the policy.

9. Plaintiff filed a claim for disability benefits under The Plan with PRUDENTIAL because her medical condition precluded her from continuing to perform the duties of her job and any other job on a fulltime basis.

10. Plaintiff is disabled under the terms of the disability policy issued by PRUDENTIAL.

10. PRUDENTIAL unlawfully denied Plaintiff benefits she is entitled to under terms of the PRUDENTIAL disability policy.

11. Plaintiff appealed the denial, but PRUDENTIAL upheld its arbitrary and capricious decision.

12. PRUDENTIAL's denial is based on insubstantial evidence and is arbitrary and capricious and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse PRUDENTIAL's denial of benefits.

14. PRUDENTIAL has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. PRUDENTIAL has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff s medical conditions.

16. PRUDENTIAL has abused its discretion by failing to consider her medical condition in relation to the duties of all occupations.

17. PRUDENTIAL administered Plaintiff's claim with an inherent and structural conflict of interest as PRUDENTIAL is liable to pay benefits from its own assets to Plaintiff, and

each payment depletes PRUDENTIAL's assets.

18. PRUDENTIAL has failed to give the policy and Plan a uniform construction and interpretation.

19. PRUDENTIAL chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, PRUDENTIAL uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. PRUDENTIAL's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

24. Defendant's denial has required Plaintiff to hire an attorney to represent her in this matter to recover benefits due Plaintiff under the Plan.

25. Plaintiff is entitled to attorney fees for all actions taken against Defendant in a court of law.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3.	For costs of suit; and,

4.	For all other relief as the facts and law may provide.

                                                    Respectfully submitted,

                                                    */s/Loyd J. Bourgeois, Jr.*
Loyd J. Bourgeois, Jr., La. Bar No. 29771
13755 River Road, Suite A
Luling, Louisiana 70070
Tel: (985) 240-9773; Fax: (866) 882-3988
Email: loyd.bourgeois@gmail.com
*Attorney for Plaintiff*